Filed 3/5/25  In re J.R. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re J.R., a Person Coming Under the Juvenile Court Law. | H052215 (Santa Clara County Super. Ct. No. 24JV46495B) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>J.R.,<br><br>    Defendant and Appellant. | |

Following the juvenile court's denial of his motion to suppress, minor J.R. admitted to carrying a concealed weapon in a vehicle (Pen. Code, § 25400, subd. (a)(1)) and was placed on probation.  On appeal, J.R.'s counsel has filed a brief which states the case but raises no issues, asking this court to conduct an independent review under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We advised J.R. of his right to submit written argument on his own behalf within 30 days, and he has not done so.  Having independently reviewed the record, we conclude there are no arguable issues on appeal.

In February 2024, J.R. admitted the allegations in a juvenile wardship petition (Welf. & Inst. Code, § 602) (Petition A) alleging that he committed a felony, taking or

unauthorized use of a vehicle in violation of Vehicle Code section 10851, subdivision (a). The juvenile court placed J.R. on deferred entry of judgment (DEJ).

The following month in March 2024, another wardship petition (Petition B) was filed alleging that J.R. had committed the crime of carrying a concealed firearm in a vehicle in violation of Penal Code section 25400, subdivision (a)(1). J.R. moved to suppress evidence found during a vehicle search.

At the hearing on the motion to suppress, Officers Travis Machado and Eduardo Moreno of the San Jose Police Department testified they were in a patrol vehicle at around 9:15 p.m. on March 24, 2024, in a "high crime" neighborhood known for gang activity. Machado saw three people and a "large, hazy cloud-like substance" inside a parked silver Audi. Based on his experience, Machado believed that the occupants were "hotboxing"—smoking marijuana in an unvented room or car—and violating Health and Safety Code section 11362.3, subdivision (a)(1) because they were doing so in public.

Machado parked the car, leaving a "significant amount of room" so that the Audi could be driven away, and approached the car with Moreno and a third officer, activating his body-worn camera and his flashlight. As Machado made verbal contact with the occupants of the vehicle, the front passenger rolled down his window, releasing a large cloud of smoke that smelled like burnt marijuana into Machado's face. J.R., sitting in the backseat, looked "extremely young." So Machado suspected the others in the group of contributing to the delinquency of a minor.

When asked, one of the passengers confirmed that they were hotboxing. Machado asked the front passenger to step outside the vehicle. The front passenger was wearing a red-colored sweatshirt that suggested to Machado an affiliation to a Norteño criminal street gang. Asked if he had any weapons, the front passenger answered yes, so Machado handcuffed him and located a firearm on his person.

After Machado detained the front passenger, Moreno asked J.R., clad in baggy sweatpants and a sweatshirt, to step out of the Audi because "based on [Moreno's]

2

training and experience, where there's one firearm located, there might be two." Moreno asked J.R. if he had any weapons, and when J.R. did not answer, Moreno conducted a patsearch, finding a firearm in J.R.'s right pocket.

The juvenile court denied J.R.'s motion to suppress, finding that the officers had detained J.R. only after the car window opened, and that the subsequent search of J.R. was lawful given that officers had already discovered a firearm on the front passenger. J.R. then admitted to a single felony violation of Penal Code section 25400, subdivision (a)(1). In light of J.R.'s admission, the trial court found that he had not successfully completed DEJ in Petition A.

In June 2024, the trial court placed J.R. on probation for both Petitions A and B subject to various terms and conditions.

Having independently reviewed the record under *Wende*, *supra*, 25 Cal.3d 436, we find no arguable issues.

The judgment is affirmed.

_____
LIE, J.

WE CONCUR:

_____
DANNER, Acting P. J.

_____
BROMBERG, J.

*People v. J.R.*
H052215